# In the United States Court of Federal Claims

No. 25-1218
(Filed: November 14, 2025)

**NOT FOR PUBLICATION**

```
**************************************
JOHN P. BROWN and VLADEMIR          *
BROWN,                              *
                                    *
                Plaintiffs,         *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
**************************************
```

## <u>DISMISSAL ORDER</u>

On July 23, 2025, *pro se* plaintiff John P. Brown filed a complaint on behalf of himself and his son, Vlademir Brown, alleging entitlement to "monetary damages, injunctive relief, and declaratory relief for violations of the Fourth and Fifth Amendments by the United States and its agents." [ECF 1] at 1. Thereafter, on September 23, 2025, the government filed a motion to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). [ECF 10] at 1. On September 29, 2025, after the Court denied his initial Application to Proceed In Forma Pauperis and Request for Appointment of Counsel, [ECF 7], Mr. Brown filed a renewed request to proceed *in forma pauperis* and for appointment of counsel, [ECF 12]. Additionally, on October 14, 2025, Mr. Brown filed a response to the government's motion to dismiss. [ECF 13]. For the reasons stated below, the Court **DENIES** Mr. Brown's request to proceed *in forma pauperis* and request for the appointment of counsel and **DISMISSES** his complaint for lack of subject-matter jurisdiction.

## I.      Request to Proceed *In Forma Pauperis*

Regarding Mr. Brown's second request to proceed *in forma pauperis*, [ECF 12], the Court denies it for the same reason set forth in the Court's order on August 29, 2025. *See* [ECF 7] at 1-2. In that order, the Court denied Mr. Brown's initial request to proceed *in forma pauperis* because the request "fail[ed] to provide sufficient information for the court to evaluate whether requiring the payment of the filing fee would constitute 'serious hardship' and due to the . . . failure to sign the application." *Id.* Further, the Court ordered Mr. Brown to file a complete application to proceed *in forma pauperis* and provided a link to the Court's standard application to collect sufficient information. *Id.* at 2. While Mr. Brown's latest request is signed, [ECF 12] at 3, it still lacks sufficient information for the Court to evaluate whether requiring the payment of the filing fee would constitute serious hardship. *See Allen v. United States*, No. 22-1789, 2023

WL 125248, at *1 (Fed. Cl. Jan. 6, 2023) ("A plaintiff . . . must support his request [to proceed *in forma pauperis*] with an affidavit providing sufficient information, including a statement of all assets, showing his eligibility for [*in forma pauperis*] status." (citing 28 U.S.C. § 1915(a)(1); *Payne v. United States*, No. 22-898, 2022 WL 3586496, at *2) (Fed. Cl. Aug. 22, 2022)). For instance, the request states that Mr. Brown has "no income due to the seizure's impact on [his] businesses" and that his "[m]onthly expenses include [a] mortgage payment of $3500.00, utilities . . . of $2500.00, and support for Vlademir who lives with [him] full-time." [ECF 12] at 2. However, aside from stating that he has "minimal savings," *id.*, Mr. Brown does not state how much money he has in cash or in a checking or savings account, *see id.* Without this information, the Court cannot evaluate Mr. Brown's assets and liabilities to assess whether paying the Court's filing fees would constitute serious hardship.

## II.    Request for Appointment of Counsel

The Court also denies Mr. Brown's second motion for appointment of counsel. [ECF 12]. As stated in the Court's order on August 29, 2025, the Court's power to appoint counsel in civil cases pursuant to 28 U.S.C. § 1915(e)(1) is "only exercised in extreme circumstances," such as "when quasi-criminal penalties or severe civil remedies are at stake, such as those in a civil commitment proceeding or when an indigent risks losing his or her child in a custody case." [ECF 7] at 1 (quoting *Washington v. United States*, 93 Fed. Cl. 706, 708 (2010)). The Court denied Mr. Brown's initial motion because he had failed to demonstrate the "extreme circumstances" necessary for the Court to appoint counsel. *Id.* In his second motion for appointment of counsel, Mr. Brown again fails to demonstrate that the circumstances warrant appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Mr. Brown states that "[t]his case involves complex *Bivens* claims for Fourth Amendment violations, Fifth Amendment takings . . ., and systemic overreach . . . , linked to a § 1983 case . . . , Article 78 petition, and grand jury subpoena challenge." [ECF 12] at 3. He argues that "[t]he complexity and [his] pro se status necessitate counsel under 28 U.S.C. § 1915(e)(1)." *Id.* These statements do not warrant the appointment of counsel under section 1915(e)(1). "A pro se party in a civil case . . . is not entitled to the appointment of counsel as a matter of right." *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1330 n.2 (Fed. Cir. 2020). Instead, the right to counsel in a civil case is generally limited to circumstances that involve the potential deprivation of a personal liberty interest. *See Wright v. United States*, 701 F. App'x 967, 971 (Fed. Cir. 2017); *Taylor v. United States*, 590 F. App'x 983, 986 (Fed. Cir. 2014). Because Mr. Brown seeks only monetary damages and the return of personal property, his circumstances do not rise to the extreme circumstances necessary to justify the appointment of counsel. *See Omran v. United States*, 629 F. App'x 1005, 1008 ("With only monetary compensation potentially at stake, there is no private interest, government interest or risk of erroneous decision here strong enough to overcome 'the presumption that there is a right to appointed counsel only where the indigent, if he is unsuccessful, may lose his personal freedom.'" (quoting *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981)).

## III.    Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Lastly, the Court lacks subject-matter jurisdiction over Mr. Brown's claims, therefore his complaint must be dismissed. The Tucker Act provides this Court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or

any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). To establish subject-matter jurisdiction in this Court, "a plaintiff must identify a substantive right created by some money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Thomas v. United States*, 155 Fed. Cl. 772, 775-76 (2021) (internal quotation marks and citation omitted); *see also Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). Additionally, the Court has no jurisdiction over claims where "the relief sought is against others than the United States." *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *see* RCFC 12(h)(3). "While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

In his complaint, Mr. Brown "seek[s] monetary damages, injunctive relief, and declaratory relief for violations of the Fourth and Fifth Amendment by the United States and its agents." [ECF 1] at 1. He alleges that his minor son, Vlademir Brown, "was driving [his] 2011 Dodge 3500 . . . when [New York State Police ("NYSP")], Treasury, [Department of Homeland Security ("DHS")], and Office of Cannabis Management [("OCM")] agents conducted a felony stop without reason." *Id.* Mr. Brown alleges that "Vlademir was forcibly removed, handcuffed, and placed in an NYSP vehicle" and that "[a] DHS agent used Vlademir's phone for facial recognition without consent to access it and call [Mr. Brown], claiming an issue with registration or insurance." *Id.* at 2. He further alleges that, when he arrived at the scene, "he was surrounded by NYSP and DHS, forcibly hand cuffed, and placed in a NYSP vehicle with Vlademir." *Id.* Mr. Brown states that he and his son were then "transported to an NYSP barracks and shackled to the floor for a full day without charges, constituting a de facto arrest." *Id.* Further, he alleges that "[a]gents [unlawfully] seized seven vehicles, 47 collectable watches, office documents (including attorney client documents, and medical records), electronics, and currency," failed to provide inventory of the items seized, and denied requests for the return of the property. *Id.* Finally, Mr. Brown alleges "[h]arassment and [j]udicial [o]verreach" by the New York state investigators and by the District Court for the Western District of New York. *Id.* at 2-3.

In response to the government's motion to dismiss, Mr. Brown argues that this Court "has jurisdiction over [his] Fifth Amendment takings claim, which is money-mandating, and can grant incidental equitable relief." [ECF 13] at 1. He restates the factual allegations from his complaint, *id.* at 1-2, and he "allege[s] a taking of $1,750,000.00 in property without compensation, entitling [him] to damages . . . for police power seizures," *id.* at 2. According to Mr. Brown, the relief sought is from the United States because the "[c]laims target the [United States] for federal agents' actions, specifically the unnamed DHS agent's sole responsibility for the felony stop,

guns drawn, handcuffing/detaining a minor, forced biometrics, and continued interrogation after invoking attorney-client privilege." *Id.* He also states that "Treasury's involvement further federalizes the seizure." *Id.* at 2-3.

Despite Mr. Brown's attempts, he does not meet his burden to establish that this Court has subject-matter jurisdiction over his complaint. First, the Court lacks jurisdiction over Mr. Brown's claims against New York state government entities, including NYSP, OCM, and state courts, because the claims are not "suits against the United States itself." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) ("[The Court of Federal Claims] does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." (citing *Sherwood*, 312 U.S. at 588)). Second, with respect to Mr. Brown's *Bivens* claims, this Court lacks jurisdiction to hear them because such claims are against federal government officials in their individual capacities, not the United States. *Ghaffari v. United States*, 125 Fed. Cl. 665, 667 (2016) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." (quoting *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997)). Third, this Court lacks jurisdiction over Mr. Brown's claims based on violations of the Fourth Amendment and violations of the Fifth Amendment's due process and equal protection clauses because such claims are not based on money-mandating sources of law. *See LeChance v. United States*, 15 Cl. Ct. 127, 130 (1988) (stating that the Fourth Amendment is not a money-mandating source of law); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("[T]he due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation."). Fourth, this Court lacks jurisdiction over tort claims, such as Mr. Brown's harassment claims, or over claims based on violations of state law, such as Mr. Brown's claims citing New York Criminal Procedure Laws. *See Rick's Mushroom Serv.*, 521 F.3d at 1343 (stating that this Court lacks jurisdiction over tort claims due to the plain language of the Tucker Act); *Sephry-Fard v. United States*, No. 18-1118C, 2019 WL 4137497, at *7 (Fed. Cl. Aug. 30, 2019) (finding that this Court lacks jurisdiction over state law violations because state statutes are not money-mandating sources of law that create a right to money damages against the United States). Fifth, regarding Mr. Brown's claims against state and federal courts in New York, "this Court lacks authority to review allegations of misconduct by other courts." *Stewart v. United States*, 166 Fed. Cl. 723, 726 (2023) (citing 28 USC §§ 351, 363), *appeal dismissed*, No. 2024-1304, 2024 WL 1549741 (Fed. Cir. Apr. 10, 2024); *see also Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019) ("[T]he Claims Court is without jurisdiction to scrutinize the actions of another tribunal.") (citing *Vereda Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)).

Finally, while the Court generally has jurisdiction to hear claims pursuant to the Takings Clause of the Fifth Amendment, *Thundathil v. United States*, No. 19-1008C, 2021 WL 945100, at *4 (Fed. Cl. Mar. 12, 2021), dismissal of such claims for lack of subject-matter jurisdiction is proper where the claims are "so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy," *Steward v. United States*, 80 Fed. Cl. 540, 543 (2008) (quoting *Moden v. United States*, 404 F.3d 1335, 1341-42 (Fed. Cir. 2005)). Importantly, a takings claim "cannot be found on the theory that the United States has taken unlawful action." *Moody v. United States*, 931 F.3d 1136, 1142 (Fed. Cir. 2019). In his complaint and opposition to the government's motion to dismiss, Mr. Brown alleges that

the DHS *unlawfully* seized his property. [ECF 1] at 3 (stating claim for "[u]nlawful [s]eizure" because "[t]he property seizure exceeded the warrant's scope"); [ECF 13] at 1 (stating that "actions stem from an unlawful warrant issued by Monroe County Supreme Court"); [ECF 13] at 2 (the "DHS agent actions, in concert with Treasury and state actors . . . , led to . . . seizure of property exceeding the warrant's scope"). Furthermore, he alleges that the property seizure by the government officials without providing him "inventory or receipts" was unlawful, [ECF 13] at 2, and violated New York state criminal procedural law, [ECF 1] at 2-3. Because Mr. Brown alleges that his property was *unlawfully* seized, his claim does not constitute a takings claim under this Court's jurisdiction. *See Thundathil*, 2021 WL 945100, at *4-*5 (holding that the Court lacked jurisdiction over the plaintiff's takings claim that characterized the government's conduct as unlawful).

Accordingly, the Court **GRANTS** the government's motion, [ECF 10], and **DISMISSES** this case for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).[1] The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[1] The Court considered whether to transfer the complaint to the appropriate United States District Court pursuant to 28 U.S.C. § 1631. Transfer is appropriate under section 1631 when "(1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." *Khalil v. United States*, 133 Fed. Cl. 390, 393 (2017) (quoting *Brown v. United States*, 74 Fed. Cl. 546, 550 (2006)). Mr. Brown has another case pending in the United States District Court for the Western District of New York, which raises largely the same allegations against the same federal and state government officials. *See Brown et al. v. Hochul et al.*, No. 24-6555 (W.D.N.Y. Sept. 25, 2024). Therefore, because Mr. Brown "has already availed himself of the opportunity to have these claims heard by a district court," the Court finds that transferring the complaint is not in the interest of justice. *Khalil*, 133 Fed. Cl. at 393.